PEOPLE'S SAVINGS BANK IN PROVIDENCE *vs.* JOSEPH H. KIERNAN *et al.*, Assessors of Taxes of the City of Providence.

JANUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a statutory petition brought by the People's Savings Bank in Providence against the assessors of taxes of the city of Providence to recover for taxes alleged to be excessive which were paid in October, 1932, on assessments made as of June 15, 1932. G. L. 1923, cc. 59, 60. Respondents filed a plea of the general issue and a special plea that the tax was not paid under protest. Petitioner demurred to the special plea. The question raised by the demurrer was certified to this court, before trial of the case on its merits, under the provisions of Section 5, Chapter 348, G. L. 1923. The material part of the question is as follows:

"In order to maintain a petition under Sections 15 to 18, inclusive, of Chapter 60 of the General Laws, as amended by Chapter 1945 of the Public Laws of 1932, (reference being hereby had to the petition filed in this cause, the special plea filed by the respondents, and the demurrer of the petitioner to said plea, all of which are hereby incorporated

as a part hereof),—must the petitioner show that the tax complained of was paid under protest?"

Section 1 of Chapter 60, G. L. 1923, as amended by Section 5, Chapter 1944, P. L. 1932, provides that qualified electors of a town may levy a tax to be assessed by the assessors as of the 15th day of June, which tax shall be payable by the time directed for the payment thereof. G. L. 1923, C. 62, s. 1. Taxes in the city of Providence are assessed as of the 15th day of June and are payable in October.

The assessors before assessing any tax are required to give notice to every person liable to taxation to bring in to the assessors a true and exact account of their ratable estate. G. L. 1923, C. 60, s. 6 as amended by P. L. 1932, C. 1944, s. 6.

Before the amendments of the tax laws in 1932 a person possessing any ratable estate of any value however little who neglected to make a return of his ratable estate to the assessors of taxes, if taxed, was remediless, such taxation being held to be a case of overtaxation and not of illegal taxation. *Tripp* v. *Torrey*, 17 R. I. 359; *O'Reilly* v. *Clarke*, 48 R. I. 407.

In *Albro* v. *Kettelle*, 42 R. I. 270 (1919), it was decided that the payment under protest of an overdue tax which was illegal was not a voluntary payment which precluded a taxpayer from recovery in an action against the town, but that such a protest to be effective should specify the defect or error upon which it was based. If the tax has been paid, the remedy is by an action in assumpsit to recover the excess payment. *Greene* v. *Mumford*, 5 R. I. 472; *St. Mary's Church* v. *Tripp*, 14 R. I. 307.

The remedy by petition is statutory and was designed to give a remedy for an improper assessment before the tax is collected. By its terms the statute does not require a protest from the taxpayer who has made a return as a condition precedent to the proceeding for relief by such petition. Such payments, we understand, have

customarily been made under protest. Whether such protest is required by law in cases not of illegal taxation but of overtaxation, when a return has been made, has never been judicially determined.

In 1932, by Chapters 1944 and 1945 of the Public Laws, several material changes were made in the tax system of this State. The principal statutes as amended which are relevant to the question certified are as follows:

"Sec. 4. Section 15 of said chapter 60 of the general laws is hereby amended to read as follows:

" 'Sec. 15. Any person, whether or not he has brought in an account, aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town may, within six months after the time appointed for the payment of such tax, or the first installment thereof, if such tax be payable in installments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment, to which petition the assessors of taxes of said city or town in office at the time such petition is filed shall be made parties respondent, and the clerk shall thereupon issue a citation substantially in the following form: . . . Provided, however, that in case such person has not brought in an account, he shall not have the benefit of the remedy provided in this section and in sections sixteen and eighteen of this chapter unless he has paid, at the time appointed for the payment of the tax, or the first installment thereof, if such tax be payable in installments, the full amount of the tax as assessed.

" 'The remedy provided in this section and in sections sixteen, seventeen and eighteen of this chapter in the case of an illegal assessment shall be in addition to and not in lieu of any other remedies heretofore or hereafter available to any person against whom an illegal assessment has been made.'

"Sec. 5. Section 17 of said chapter 60 of the general laws is hereby amended to read as follows:

" 'Sec. 17. If the taxpayer has given in an account, and if on the trial of said petition, either with or without a jury, it shall appear that the taxpayer's real estate, tangible personal property or intangible personal property has been assessed at a value in excess of its full and fair cash value, even though it may be found that such full and fair cash value is in excess of the value placed on such property by the taxpayer in his account, or if it shall appear that the tax assessed is illegal in whole or in part, the court shall give judgment that the sum by which the taxpayer has been so overtaxed, or illegally taxed, with his costs, be deducted from his tax; but if the taxpayer's tax be paid, whether before or after the filing of said petition, then the court shall give judgment for the petitioner for the sum by which he has been so overtaxed, or illegally taxed, plus the amount of any penalty paid thereon, with interest from the date on which said tax and penalty were paid and costs, which judgment shall be paid to the petitioner by the town treasurer out of the treasury. If, however, on the trial of said petition it shall appear that the taxpayer has fraudulently concealed or omitted any property from his account, or if it shall appear that the assessors have not assessed either the taxpayer's real estate or his tangible personal property or his intangible personal property at a value in excess of its full and fair cash value, and that the taxpayer has not been illegally taxed, the assessors shall have judgment and execution for their costs.'

"Sec. 6. Section 18 of said chapter 60 of the general laws is hereby amended to read as follows:

" 'Sec. 18. If the taxpayer has not given in an account, and if on the trial of said petition, either with or without a jury, it shall appear that the taxpayer's real estate has been assessed at a value in excess of its full and fair cash value, or that either his tangible personal property or his intangible personal property has been assessed at a value in excess of one hundred twenty-five per centum of its full and fair cash value, or if it shall appear that the tax assessed is illegal in whole or in part, the court shall give judgment for the petitioner for the tax upon such excess or the amount by which the taxpayer has been illegally taxed, with interest from the date on which said tax was paid and costs, which judgment shall be paid to the petitioner by the town treasurer out of the treasury. If, however, on the trial of said petition it shall appear that the assessors have not assessed the taxpayer's real estate at a value in excess of its full and fair cash value, and have not assessed his tangible personal property at a value in excess of one hundred twenty-five per centum of its full and fair cash value, and have not assessed his intangible personal property at a value in excess of one hundred twenty-five per centum of its full and fair cash value, and that the taxpayer has not been illegally taxed, the assessors shall have judgment and execution for their costs.' "

A radical innovation is thus made in the tax laws. A taxpayer, if he pays the tax, may now petition for relief even if he has not filed a return with the assessors. The statute creates a new remedy and prescribes the conditions precedent to the right thereto. The taxpayer who made a return always had this remedy by petition.

Section 19 of Chapter 60, which remains unchanged, provides that: "No such petition shall, before judgment,

stay any proceedings for collecting the tax." This proviso limits the time for relief by petition whether a return has been made or not. The new statute does not require that the payment of taxes shall be made under protest. If such a requirement is to be made a part of the statute, it can be incorporated therein only by implication. The authority of the legislature to provide that a voluntary payment of a tax shall not prevent a taxpayer from the right to recover for overtaxation or illegal taxation can not be doubted. In *Rumford Chemical Works* v. *Ray*, 19 R. I. 456, 459, this court held that a voluntary payment implies that the taxpayer who makes it intends to waive any right which he may have to resist it. But the payment under this statute is not a waiver of a right; on the contrary it is only the performance of a condition which entitles the taxpayer to the remedy. To secure the right to the remedy the taxpayer must either make a return or pay the tax. The return gives some notice to the assessors of an objection to the tax and the payment of the tax, and the filing of a petition within six months after the appointed time for payment also gives them notice before the next assessment is made.

It is a resonable inference that if a protest as well as a payment was intended to be a prerequisite to the new remedy it would have been so declared in the statute. The question of the wisdom of the statute is one for the legislature not for the courts.

We are of the opinion that the petitioner is not required to show that the tax complained of was paid under protest and we answer the question certified to us in the negative.

The papers in the case with the decision of this court certified thereon are sent back to the Superior Court for further proceedings.

*William H. Edwards, Edward Winsor, Edwards & Angell,* for petitioner.

*John C. Mahoney, City Solicitor, John T. Walsh, Assistant City Solicitor,* for respondents.